## GEORGE WATERMAN, Jr. *vs.* ELIJAH BARRATT.

A security given whilst in prison, on lawful process, cannot be invalidated for *duress.*
The want of consideration for a negotiable instrument, cannot be set up against an indorsee without notice.
A release from arrest is a good consideration for a note.

CAPIA'S case on two promissory notes, drawn by the defendant to George Waterman, and endorsed to plaintiff, dated Cincinnati, January 18, 1842, for $255 20, and $5.

The depositions proved the execution of the notes, and the endorsements, and consideration; being other notes due from Conover, Campbell & Barratt to Western Smith, assigned to Waterman; and on which Barratt was under arrest at the time these notes were given. Waterman retained the note of C., C. & B. The defendant admitted them due when arrested here.

*Layton,* for defendant.—The plaintiff has voluntarily undertaken to show the consideration of the notes declared on, and has failed. He has proved that the notes were given by Barratt, whilst under arrest, as a collateral security for a debt due from Conover, Campbell & Barratt, Waterman having retained possession of the note of C., C. and B.

The defence of duress may be made under non-assumpsit pleaded, in the action of assumpsit, though it must be pleaded specially, in actions on sealed instruments. (1 *Chit. Pl.* 470-71; *Kinne's Comp. April,* 1845, *p.* 73; 5 *Hill's Rep.* 154.)

*Cullen.*—The defendant, on being arrested here, recognized the notes and offered to give his bond.

As to consideration; whatever is a detriment to one party or an advantage to the other, is a consideration. The release of defendant from arrest, in Ohio, and the striking off the suit there, was a sufficient consideration for the notes then given. But additionally, we have proved that these notes were just for the amount of a debt due by defendant on the note of C., C. and Barratt, which was a good consideration. The circumstance that these notes were given whilst the defendant was under arrest, does not vitiate them, because that arrest was lawful, and for a just debt, recognized as such by the defendant.

Again: the notes in this case were endorsed before maturity; the suit is by the indorsee and the consideration is not inquirable into. Even, as between the original parties consideration is not to be in-

quired into without notice, and no notice of this defence has been given us.

*The Court:*

BOOTH, *Chief Justice.*—In transitory actions the creditor has a right to pursue his remedy, and collect his debt any where he can find his debtor. The first question is then, did Elijah Barratt execute these notes? and did George Waterman endorse and assign them over to the plaintiff? If this is proved, the plaintiff is entitled to recover the amount, unless the other grounds of defence will avail, which are, that the consideration for these notes is not proved, and that they were given by Elijah Barratt, whilst under duress of imprisonment.

The action here, is by an endorsee of the notes before maturity; and as between the endorsee and maker, the want of consideration cannot be set up as a defence, unless it be shown that he had notice of such want of consideration. (3 *Harr. Rep.* 387.)

But as between the original parties the defence could not avail, if it be shown that any consideration existed; and the release of the defendant from the previous arrest was a good consideration; for any benefit to the defendant, or detriment to the plaintiff, is a sufficient consideration. (1 *Wh. Selw.* 45.)

As to the defence of duress, to avail the party it must be shown to have been an illegal imprisonment, and not an arrest by virtue of legal process, unless improper force or unnecessary constraint be used. (1 *Saund. Pl. & Ev.* 444.)

Verdict for plaintiff, $317 02.

*Cullen*, for plaintiff.
*Layton*, for defendant.